# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39118**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Robert J. KELGARD**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 January 2018

————————————

*Military Judge:* Patricia A. Gruen.

*Approved sentence:* Dishonorable discharge, confinement for 15 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 19 April 2016 by GCM convened at Kadena Air Base, Japan.

*For Appellant:* Major Lauren A. Shure, USAF; Major Travis L. Vaughan, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Major Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant molested two Korean orphan boys while stationed at Kunsan Air Base, Republic of Korea, and possessed videos depicting mostly young boys engaged in various sexual acts.

After investigation uncovered his crimes, Appellant reached a pretrial agreement with the convening authority and accordingly pleaded guilty before a military judge sitting as a general court-martial to sexual abuse of children and possession of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934. The military judge sentenced Appellant to a dishonorable discharge, 18 years of confinement, forfeiture of all pay and allowances, and reduction to E-1. Per the pretrial agreement, the convening authority approved only 15 years of confinement and the remainder of the adjudged sentence.

Appellant now claims, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that trial counsel's improper argument caused him to receive an inappropriate sentence; his guilty plea to one of the specifications of sexual abuse of a child was improvident; and he suffered cruel and unusual punishment during post-trial confinement. During our review of Appellant's case, we considered the issues raised by Appellant and summarily reject them; they do not require additional analysis or warrant relief. *See United States v. Matias*, 25 M.J. 356 (C.M.A. 1987).

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[*]

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[*] Consistent with the pretrial agreement, Appellant pleaded not guilty to excepted language in Specifications 1 and 2 of Charge I. In return, the convening authority agreed to "[r]emove, by lining through" the excepted language. While we can discern the intent of the parties and the excepted language was indeed "lined through" the day of trial, the record is devoid of any proper legal disposition of the excepted language. Accordingly, we order a corrected court-martial order and report of result of trial that properly indicate the disposition of the excepted language in Specifications 1 and 2 of Charge I.